## CIRCUIT COURT OF LOUDOUN COUNTY

Mark Hunt,
t/a Yukon Electrical
Subcontractors

     v.

Eastbridge Electric, Inc., et al.

December 6, 1989

Case No. (Chancery) 11431

By JUDGE JAMES H. CHAMBLIN

This cause is before the Court on a Motion to Dismiss the mechanic's lien count of the Bill of Complaint.

For the reasons hereinafter set forth, the Motion is granted.

On May 6, 1988, the plaintiff, Mark Hunt, t/a Yukon Electrical Subcontractors ("Hunt") filed a Bill of Complaint against Eastbridge Electric, Inc. ("Eastbridge"), IMG/Exeter Associates Limited Partnership ("IMG"), Fieldstone Building Corporation ("Fieldstone"), Sovran Bank, N.A. ("Sovran"), Charles W. Ewing, II, Trustee, and James L. Mason, Trustee ("Trustees"). In Count I Hunt seeks to enforce certain mechanic's liens claimed by him as a subcontractor on an apartment project on land owned by IMG. Eastbridge is Hunt's subcontractor, and Fieldstone is the general contractor. Counts II and III are for breach of contract and quantum meruit. Sovran and the Trustees were apparently named parties defendant as the noteholder and trustees under an antecedent deed of trust on the land on which Hunt claims his mechanic's liens.

Fieldstone, Sovran and the Trustees were served with process and have filed answers. In July, 1988, Hunt obtained a default judgment against Eastbridge. Hunt was

unable to affect service on IMG in May, 1988. Fieldstone has filed the subject Motion to Dismiss. At oral argument on December 1, 1989, counsel for Hunt offered no evidence of service of process on IMG or of the exercise of due diligence to obtain service on IMG since May, 1988.

By order entered August 19, 1988, Fieldstone tendered to the Court the sum of $10,000.00 pursuant to § 43-70 to be held "subject to the final judgment of this Court upon hearing of the case on the merits and with respect to the validity and amount of" Hunt's mechanic's liens.

Rule 2:4 provides:

> No decree shall be entered against a defendant who was served with process more than one year after the institution of the suit against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

Fieldstone argues that the owner of the real estate on which the mechanic's liens are claimed is a necessary party to the suit to enforce the liens. Because the owner has not been served within one year and Hunt has not exercised due diligence to have timely service on the owner, Hunt cannot obtain relief against a necessary party. Hence, Fieldstone argues, the mechanic's lien count must be dismissed because Hunt did not, and now cannot, bring all necessary parties before the Court in order for the Court to make a complete determination of the controversy.

Hunt argues that the owner is no longer a necessary party because the land has been released from the liens upon payment into Court of $10,000.00 by Fieldstone under Section 43-70 pursuant to the order entered August 19, 1988.

A mechanic's lien is purely a creature of statute and is in derogation of common law. *Woodington Electric Inc. v. Lincoln Savings and Loan Association*, 238 Va. 633 (1989); *Rosser v. Cole*, 237 Va. 572 (1989). As a result, in any question as to the existence and perfection of a mechanic's lien, the statutes are strictly construed.

No one would question that the owner of the property affected by a mechanic's lien is a necessary party if such property has not been released under § 43-70. If,

however, the property has been so released, then § 43-70 provides that the money paid into the Court is "for the payment of such judgment adjudicating the lien or liens to be valid and determining the amount for which the same *would have been enforceable against the real estate* as may be rendered by the court upon the hearing of the case on its merits." (Emphasis mine.) From the aforesaid language of § 43-70, I feel that the statute contemplates proceeding as if the land had not been released but only that any amount found by the Court which would have been enforceable against the land will be paid out of the money paid into the Court. Section 43-70 merely provides an alternative source for the recovery of any amount due a mechanic's lienor but does not lessen what he has to do and prove in order to have his lien enforced.

Mr. Samuel may prepare a decree dismissing Count I with prejudice and directing the General Receiver to disburse to Fieldstone the funds remaining in its hands after the payment of its fees and costs. This cause will continue as to Counts II and III.